**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DARRELL GLENN LEE, I**         ) | |
|         Plaintiff,         ) | |
| vs.         ) | No.  3:12-CV-1562-G-BH |
|         ) | |
| **MARSHALL BERRY, ESQ.,**         ) | |
|         Defendant.         ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Plaintiff sues his former defense attorney, public defender Marshall Berry, under 42 U.S.C. § 1983.  (Complaint at 2).  He claims that Berry erroneously promised him that after he pled guilty to a Class B misdemeanor, Plaintiff would receive credit for time he had already spent in jail before he was sentenced. (Compl. at 1).  He seeks to recover money damages.  (Compl. at 2).  No process has been issued in this case.

**II.  PRELIMINARY SCREENING**

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff sues the public defender appointed to represent him in connwction with a state criminal proceeding. (Compl. at 2). It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v.*

*Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff has made no allegation that his attorney was a state actor; he only complains that he did not take adequate action in his case. Plaintiff has failed to state a viable § 1983 claim against his attorney, and his complaint should be dismissed.

### IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED this 21st day of May, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4